In re LE PECK CONSTRUCTION
CORP., Debtor.

Bankruptcy No. 180–05024–21.

United States Bankruptcy Court,
E. D. New York.

Sept. 24, 1981.

Pinks & Feldman, Melville, for debtor and debtor-in-possession; Nathan Horowitz, Melville, of counsel.

Cullen & Dykman, Brooklyn, for The Lincoln Savings Bank; Michael W. Brinitzer, C. Gayden Wren, Brooklyn, of counsel.

*OPINION and ORDER*

CECELIA H. GOETZ, Bankruptcy Judge:

The Lincoln Savings Bank ("Lincoln") has applied for an order pursuant to Rule 914 of the Rules of Bankruptcy Procedure for leave to join and serve Le Peck Construction Corp. ("Le Peck"), the debtor and debtor-in-possession herein, as a necessary and proper defendant in the foreclosure action in the Supreme Court of the State of New York, County of Kings, which Lincoln is bringing against Holy Cross Greek Orthodox Church, Inc. ("Holy Cross"). Le Peck is a necessary party to that proceeding because it has filed a mechanics' lien against the building on which Lincoln is seeking to foreclose.

Le Peck opposes the granting of relief on procedural and substantive grounds. Invoking Bankruptcy Rule 701, Le Peck contends that Lincoln can secure the relief it seeks only through an adversary proceeding. Second, it urges that § 362 of the Bankruptcy Code is applicable; that the tests that section lays down for relief from stay are not met; and, therefore, Lincoln's application must be denied. The Court does not agree.

The relevant facts are few: Le Peck filed a petition for relief under Chapter 11 on August 22, 1980. Since then it has been operating as a debtor-in-possession. In that

capacity, it has performed work for Holy Cross on a building subject to a mortgage given Lincoln on October 31, 1979 and properly recorded and filed. Le Peck is no longer working there because of differences with Holy Cross which it is suing for breach of contract in this Court. On March 20, 1981, Le Peck filed the mechanics' lien which underlies the present application.

The status of a debtor-in-possession does not confer immunity from all lawsuits. 28 U.S.C. § 959 expressly authorizes the bringing of actions against debtors-in-possession "without leave of the court appointing them, with respect to any of their acts of transactions in carrying on business connected with such property." Except for an amendment of no significance to the present proceeding, this section was left unchanged by the adoption of the Code. 1 *Collier on Bankruptcy* ¶ 3.04[1], 4 *Id.* ¶ 721.-05[1] (15th ed. 1980).

While it is debatable whether the foreclosure proceeding in which Lincoln seeks to join Le Peck is covered by the precise language of § 959, there can be no doubt that such proceeding comes within its spirit. Lincoln is seeking a judicial disposition of a mechanics' lien filed by Le Peck in connection with the carrying on of the business of the debtor-in-possession. What is involved here is an act or transaction which took place in connection with the carrying on of business; this is the area covered by § 959.

■ The automatic stay imposed on actions by 11 U.S.C. § 362 is inapplicable. No one of its subdivisions covers the present proceeding. Lincoln is not seeking to obtain "possession of property of the estate" (subd. 3), "to create, perfect or enforce any lien against property of the estate" (subd. 4), nor to enforce a lien securing "a claim that arose before the commencement" of Le Peck's Chapter 11 proceeding (subd. 5).

■ On similar grounds, Bankruptcy Rule 701 has no application. This is not a proceeding to "determine the validity, priority or extent of a lien," nor is it one to "obtain relief from a stay" imposed automatically by the filing of a petition.

■ Since the present application is not covered by Rule 701, an adversary proceeding is not necessary, and the relief sought can properly be given pursuant to Rule 914.

To permit Lincoln to join Le Peck in its pending foreclosure proceeding is consistent with the overall design of the Bankruptcy Reform Act of 1978. The Act, while extending the jurisdiction of the bankruptcy court, recognizes that certain cases are best left in a different forum and therefore authorizes the bankruptcy court to abstain from exercising that extended jurisdiction. 28 U.S.C. § 1471(d).

A proceeding to foreclose a mortgage primarily concerning two strangers to the bankruptcy proceeding, Lincoln and Holy Cross, belongs in the local courts, not in the bankruptcy court. The Court has examined the case relied on by Le Peck, *In re Cloud Nine Ltd.,* 3 B.R. 199, 5 BCD 1377 (Bkrtcy. D.N.Mexico 1980), and finds no similarity between the facts there and those present here.

Accordingly, Lincoln is granted permission to join the debtor-in-possession as a party defendant in its foreclosure action.

SO ORDERED.