In re Lloyd C. MARCH, Jr.

The FARMERS BANK,
Plaintiff/Appellant,

v.

Lloyd C. MARCH, Jr., Defendant,

and

David R. Kittay, Chapter 11 Trustee
for Stockbridge Funding Corp.,
Defendant/Appellee.

Action No. 2:92cv61.

United States District Court,
E.D. Virginia,
Norfolk Division.

May 29, 1992.

Peter G. Zemanian, J. Steven Patterson, Willcox & Savage, Norfolk, Va., for plaintiff/appellant.

James Robert Sheeran, Marcus, Santoro & Kozak, Portsmouth, Va., for defendant.

Lawrence Hoyt Glanzer, Douglas J. Glenn, Pender & Coward, Virginia Beach, Va., for defendant/appellee.

## OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on appeal from the order of the United States Bankruptcy Court for the Eastern District of Virginia, entered January 7, 1992. Lloyd C. March petitioned for bankruptcy relief under Chapter 11 on November 11, 1991, in the Eastern District of Virginia. David R. Kittay is the trustee for Stockbridge Funding Corp. (hereinafter "Stockbridge"), a debtor proceeding under Chapter 11 in the Southern District of New York, after filing an involuntary Chapter 7 on January 4, 1991. The Farmers Bank (hereinafter "Farmers") is the beneficiary under a first-priority deed of trust encumbering two parcels of real estate located in Suffolk, Virginia, that are owned by a nondebtor third party.[1] Farmers wishes to begin Virginia state law foreclosure proceedings on these parcels. March and

---

1. Ocean Holdings, Inc., a defunct corporation that is not presently in bankruptcy, owns the two parcels.

Stockbridge each hold junior liens on the two parcels.[2]

To ensure that its foreclosure on the two parcels does not violate the automatic stay imposed by 11 U.S.C. § 362(a), Farmers moved against March and Stockbridge for relief from the stay and, alternatively, for a declaration that the stay does not apply to its foreclosure. March did not contest Farmers' motion to modify the automatic stay, and the bankruptcy court thus lifted the stay as to March and dismissed as moot Farmers' request for declaratory relief against March. The bankruptcy court, however, dismissed Farmers' request for declaratory relief against Stockbridge, asserting a lack of jurisdiction over the bankruptcy proceeding in the Southern District of New York.

Farmers appeals the bankruptcy court's decision as to Stockbridge and asks this court to exercise jurisdiction over the matter and to declare that the automatic stay, imposed by 11 U.S.C. § 362(a), does not apply to enjoin a first mortgagee from foreclosing on property not owned by the bankrupt debtor, but on which the debtor holds a junior lien. Farmers argues that the bankruptcy court for the Southern District of New York does not have exclusive jurisdiction over this Virginia property, and

that the provisions of the automatic stay do not apply to these parcels, because they are not property of the debtor, as a nondebtor owns them, and Stockbridge's minor lien interests, by themselves, do not convert these parcels into property of the estate. Resolution of these issues does not depend on the further finding of any disputed facts and can be decided by this court as a matter of law.

■ Title 28 U.S.C. § 1334(d) confers on "[t]he district court in which a case under title 11 is commenced or is pending ... exclusive jurisdiction of all of the property, wherever located, of the debtor ... and of property of the estate." Absent this exclusive jurisdiction, the court for the Eastern District of Virginia has jurisdiction and is an appropriate venue for resolution of this matter. See 28 U.S.C. §§ 1334(b), 1409(a).[3] Likewise, the automatic stay protects only "property of the debtor" and "property of the estate." 11 U.S.C. § 362(a). Section 541(a)(1) defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." Stockbridge holds junior liens on property owned by a nondebtor. Property of Stockbridge's estate clearly includes these junior liens. The dispositive

---

**2.** March holds a fourth-priority deed of trust lien on one parcel and a second-priority deed of trust lien on the second parcel. Kittay holds a sixth-priority deed of trust lien on one parcel and a fifth-priority deed of trust lien on the other.

**3.** Section 1334(b) confers jurisdiction on the district courts in "all civil proceedings ... related to cases under title 11." Section 1409(a) then provides that "a proceeding arising under title 11 or arising in or related to a case under title 11 *may* be commenced in the district court in which such case is pending." (emphasis added). Because section 1409(a) uses the term "may," the section is permissive rather than mandatory and, thus, reflects a legislative purpose to promote flexibility in determining proper bankruptcy venue. *See Brock v. American Messenger Serv., Inc.,* 65 B.R. 670, 672 (D.N.H.1986) (§ 1409(a) directs where action may be brought, not where action must be brought); *In re Continental Air Lines, Inc.,* 61 B.R. 758, 769 (S.D.Tex. 1986) (§ 1409(a) is not an exclusive venue provision); *see also Littleton Nat'l Bank v. Coleman Am. Cos. (In re Coleman Am. Cos., Inc.),* 6 B.R. 251, 254 (Bankr.D.Colo.1980) ("It was not the intent of Congress to grant jurisdiction over all

bankruptcy matters to only the bankruptcy court for the district in which a case under title 11 is commenced."). Thus, these statutes allow proceedings related to cases under title 11 to be adjudicated in districts other than the one in which the case is pending.

The property upon which Farmers seeks to foreclose is located in Virginia, thus making venue more convenient to all interested parties. The owners of the property reside in Virginia, as do all junior lienholders, except for Stockbridge. Venue in Virginia also furthers the interests of justice in that to require a first mortgagee to travel to the venue of a fifth- or sixth-priority lienholder would be unfair. Moreover, the Stockbridge loan documents apparently were executed in Virginia, and Virginia law will control the foreclosure proceedings and the payment of the proceeds, if any, to Stockbridge's bankrupt estate as a result of the foreclosure. *See generally H.J. Volvi Constractors, Inc. v. W–P Coal Co. (In re Wheeling–Pittsburgh Steel Corp.),* 123 B.R. 537, 539 (Bankr.W.D.Pa.1991) (stating factors that determine appropriateness of venue in bankruptcy proceedings).

issue is whether the property owned by a nondebtor becomes property of the bankrupt estate because the debtor holds junior liens on the property.

Although the Bankruptcy Code does not specifically address this situation, the language of the relevant provisions and the authorities interpreting the Code and addressing the issue persuade this court that a debtor's junior lien interest does not convert the underlying secured property owned by another into property of the bankrupt estate, subject to the provisions of the automatic stay. First, nothing in the provisions of the automatic stay itself protects a debtor's junior lien interests.[4] Other courts considering the issue have concluded that the automatic stay, imposed by 11 U.S.C. § 362(a), does not prevent nonjudicial foreclosure of a senior real estate property security interest when the holder of a junior security interest in the same real property files for bankruptcy relief. *See generally* Thomas J. Holthus, *A Debtor as a "Creditor" and the Automatic Stay,* 62 Am.Bankr.L.J. 377 (1988) (discussing the few cases that have addressed this issue and persuasively distinguishing those cases that enforced the automatic stay). *Cf. In re Le Peck Constr. Corp.,* 14 B.R. 195 (Bankr.E.D.N.Y.1981) (permitting bank's foreclosure on real property despite debtor's mechanic's lien that was junior to bank's deed of trust).

Second, and importantly, the Supreme Court has stated that property of the estate does not include property of others in which a debtor has a minor lien interest:

> Section 541(a)(1) speaks in terms of the debtor's "interests ... in property," rather than property in which the debtor has an interest, but this choice of language was not meant to limit the expansive scope of the section. *The legislative history indicates that Congress intended to exclude from the estate property of others in which the debtor had some minor interest such as a lien or bare legal title.* Similar statements to the effect that § 541(a)(1) does not expand the rights of the debtor in the hands of the estate were made in the context of describing the principle that the estate succeeds to no more or greater causes of action against third parties than those held by the debtor. These statements do not limit the ability of a trustee to regain possession of property in which the debtor had equitable as well as legal title.

*United States v. Whiting Pools, Inc.,* 462 U.S. 198, 204 n. 8, 103 S.Ct. 2309, 2313 n. 8, 76 L.Ed.2d 515 (1983) (emphasis added) (citations to legislative history omitted). The Court in this footnote acknowledges the distinction between a lien interest in property and the property itself, thereby illustrating the boundaries of the bankruptcy code definition of estate property.[5]

Accordingly, this court concludes that property of Stockbridge's estate is limited to the junior lien interests and does not include the real property that secures Stockbridge's interests. Because the par-

---

**4.** Congress enacted the automatic stay to protect debtors from the collection efforts, harassment, and foreclosure actions of creditors against property of the estate. The stay relieves the financial pressures that thrust the debtor into bankruptcy and permits the debtor to develop a repayment or reorganization plan. *See* S.Rep. No. 989, 95th Cong., 2d Sess. 54–55 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5840–41. As one commentator has pointed out, the collateral real property, i.e., in this case the two parcels of land owned by a nondebtor, imposed

> no "financial pressures" on the debtor ... that drove the debtor into bankruptcy. [Stockbridge] is, in fact, a "creditor" with respect to the property just as is the senior secured creditor [Farmers]. It is obvious that the purpose of enacting the automatic stay was not intend-

ed to protect a debtor who is actually a creditor.

Thomas J. Holthus, *A Debtor as a "Creditor" and the Automatic Stay,* 62 Am.Bankr.L.J. 377, 380 (1988).

**5.** The facts of *Whiting Pools* are not analogous to the case at bar. The property at issue in *Whiting Pools* was "equipment, vehicles, inventory, and office supplies" owned by the debtor. *Id.* at 200, 103 S.Ct. at 2311. The Internal Revenue Service had seized the property to satisfy a tax lien, and the Supreme Court addressed the issue of whether the bankruptcy code authorized the bankruptcy court to order the Internal Revenue Service to turn over the property. In its analysis, the Court considered whether the property constituted "property of the estate" under 11 U.S.C. § 541(a) and concluded that it did.

cels are not property of the estate, the bankruptcy court for the Southern District of New York does not have exclusive jurisdiction over this matter and the provisions of the automatic stay do not apply. Venue is proper in the Eastern District of Virginia, and the order of the bankruptcy court dismissing Farmers' motion for declaratory relief is REVERSED. The nonjudicial foreclosure by the senior lienholder, Farmers, on the Virginia property owned by a nondebtor on which Stockbridge holds junior liens may proceed.[6]

It is so ORDERED.

---

**6.** Virginia does not require a judicial foreclosure. *See* Va.Code Ann. §§ 55–59 to 55–66 (Michie 1986 & Supp.1991). In the minority of states that require a judicial foreclosure, provisions of the automatic stay may prevent foreclosure because such foreclosure requires "commencement ... of a judicial ... proceeding against the debtor." 11 U.S.C. § 362(a)(1). In such cases, an order granting the relief from the stay may be necessary.