**In re SUN LABORATORIES, INC. OF ATLANTA, INC., Debtor.**

**L. Lou ALLEN, Trustee, Plaintiff,**

v.

**Robert B. MILGROOM, Principal Mutual Life Insurance Company, Defendants.**

Bankruptcy No. A91–80157.
Adv. No. 92–6281.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

April 1, 1994.

Dennis M. Hall, Chapter 7 Trustee, Drew, Eckl & Farnham, Atlanta, GA, for plaintiff L. Lou Allen.

Michael D. Pinsky, Macey, Wilensky, Cohen, Wittner & Kessler, Atlanta, GA, for intervenor-defendant.

## ORDER

MARGARET H. MURPHY, Bankruptcy Judge.

This matter is before the court on the motion of Nasaro, Inc. ("Nasaro") to intervene as of right in this adversary proceeding under Bankruptcy Rule 7024, incorporating F.R.Civ.P. Rule 24(a)(2). Plaintiff opposes Nasaro's motion.

Debtor was in the business of aerosol manufacturing and packaging. The business was operated from a warehouse (the "Property") in Atlanta. When Debtor's petition was filed, a variety of valuable items of equipment ("the Equipment") used in the business of processing aerosol products was located on the Property. The Trustee, at considerable expense to the estate, maintained 24-hour security to preserve the equipment and Property. The security services were also necessary to protect the public, as hazardous chemicals used in or yielded from the aerosol business were stored on the Property.

Defendant Robert B. Milgroom ("Milgroom"), an officer of Nasaro, asserted an unspecified ownership interest in both the Property and Equipment and threatened the Trustee with legal action if she proceeded to dispose of them. The Trustee, therefore, filed the complaint in this adversary proceeding to determine title and priority of claims to the Property on February 24, 1992, naming Milgroom and Principal Mutual Life Insurance Company as Defendants.

Defendant Principal Mutual Life responded to the complaint and provided proof of its interest. Milgroom, who was served with the summons and complaint at the same address as the corporate address of Nasaro, filed no responsive pleadings. A default judgment was entered against Milgroom October 27, 1993. On August 25, 1993, 18 months after the complaint was filed and served upon one of Nasaro's officers, Nasaro filed a motion to intervene, asserting an ownership interest in the Property and Equipment.

F.R.Civ.P. Rule 24(a)(2), incorporated by Bankruptcy Rule 7024, provides:

Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Nasaro asserts that requirements of the Rule 24(a)(2) have been met because (1) its motion to intervene is timely; (2) it has an interest relating to the property; (3) disposition of the action will impede Nasaro's ability to protect the interest; and (4) Nasaro's interest is not adequately protected by existing parties. The Trustee argues that the motion is untimely and, therefore, that the other factors need not be considered. In the alternative, the Trustee asserts that if the motion is timely, Nasaro has failed to meet the other three parts of F.R.Civ.P. Rule 24(a)(2).

A threshold requirement to any motion to intervene is that the motion is timely. *Corley v. Jackson Police Dep't,* 755 F.2d 1207, 1209 (5th Cir.1985). Timeliness is not a concept which is precisely measurable, as neither the Bankruptcy Rules nor the Rules of Civil Procedure, contain a specific time limit for filing a motion to intervene. Timeliness is to be determined from all the surrounding facts and circumstances. *Stallworth v. Monsanto,* 558 F.2d 257 (5th Cir.

1977). The court in *Stallworth* established a four-part test to determine whether a motion was timely. The four factors that the court distilled were:

  (1) The length of time during which the would-be intervenor actually knew or should have known of his interest in the case before it petitioned for leave to intervene.

  (2) The extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it actually knew or reasonably should have known of its interest in the case.

  (3) The extent of the prejudice that the would-be intervenor may suffer if its petition for leave to intervene was denied.

  (4) The existence of unusual circumstances militating either for or against a determination that the application is timely.

In its brief, Nasaro recites the above test but does not individually discuss the four prongs. Instead, it relies heavily on *Chiles v. Thornburgh*, 865 F.2d 1197 (11th Cir.1989), for the argument that its motion is timely because of the alleged lack of activity in this case and thus no prejudice will adhere to any party. The Trustee discusses each element of the *Stallworth* test. The Trustee also asserts that significant activity has occurred in connection with this adversary proceeding so that intervention at this stage would prejudice the Trustee and Debtor's estate.

■ Factor one of the *Stallworth* test measures the length of time an intervenor knew or reasonably should have known about its interest in the proceeding before the motion to intervene is filed. In this adversary proceeding, Milgroom, an officer of Nasaro, was served with the summons and complaint at the corporate address on or about February 24, 1992. Therefore, Nasaro became aware of its interest when Milgroom was served. Nasaro had knowledge of its interest in this adversary proceeding for 18 months before filing this motion and offers no explanation for the delay in filing the motion to intervene.

■ Factor two of the *Stallworth* test examines the prejudice to the existing parties caused by the failure of the would-be intervening party to file the motion earlier. If no significant activity in an ongoing litigation has occurred, no prejudice can adhere to the parties already in the lawsuit because no issues need to be relitigated. *Chiles v. Thornburgh*, 865 F.2d 1197 (11th Cir.1989), *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065 (5th Cir.1970) and *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118 (5th Cir.1970). Nasaro's reliance on a lack of activity in this adversary proceeding, however, is misplaced. Although little activity has occurred in this adversary proceeding, activity in the main case with respect to the Property has been significant. In apparent reliance upon Milgroom's failure to assert his alleged interest in the Property, the Trustee undertook to resolve the problems created by the environmentally hazardous products stored on the Property. Additionally, the Property and Equipment were sold over a year ago and the main case is almost ready to close. Mr. Milgroom apparently chose to forego asserting his interest in the Property and Equipment in consideration of avoiding any potential liability in connection with the environmental hazards connected with the Property. As title to the Property is now in a third party, the existing parties would be prejudiced if Nasaro is allowed the opportunity to so belatedly claim rights to the Property.

Factor three of the *Stallworth* test addresses the extent of the prejudice to the would-be intervenor if the motion is denied. *Stallworth*, at 265–66. This factor has been rephrased by the 11th Circuit, in *Reeves v. Wilkes*, 754 F.2d 965 (11th Cir.1985), as whether the intervenor is adequately represented by a party already involved in the litigation. *Id.* at 971. Milgroom adequately represented Nasaro's interests in this litigation because he is an officer in both Nasaro and Debtor. Milgroom is transparently attempting to revive his own extinguished claim by seeking to inject Nasaro into this adversary proceeding as a claimant.

The fourth element of the *Stallworth* test examines any unusual circumstances either for or against the timeliness of the applica-

tion. *Stallworth*, at 266. Nasaro does not argue that any unusual circumstances apply in this case and thus, this element will not be considered. The only unusual circumstance is the identity between Milgroom and Nasaro, which militates against instead of in favor of intervention by Nasaro.

Therefore, Nasaro's motion to intervene is not timely. Nasaro waited 18 months to act after it became aware of its interests and has not asserted any excuse for the delay. Prejudice will adhere to the parties involved if Nasaro's motion to intervene is granted. Finally, Milgroom adequately represented Nasaro's interest in the case. As Nasaro has failed to meet the threshold requirement of timeliness, the final three elements of Rule 24(a)(2) need not be addressed. *United States v. Coffee County Bd. of Ed.*, 134 F.R.D. 304, 307 (S.D.Ga.1990).

## CONCLUSION

Nasaro's motion to intervene was not timely filed based upon the four-part test in *Stallworth v. Monsanto*. Therefore, Nasaro has failed to satisfy the requirements for intervention as set forth in F.R.Civ.P. Rule 24(a)(2). Accordingly, it is

ORDERED that Nasaro's motion for intervention is **DENIED.**

IT IS SO ORDERED.