**In re BIBO, INC., Debtor.**

**MONUMENTAL LIFE INSURANCE COMPANY, Appellant,**

**v.**

**BIBO, INC., Ronald L. Durkin, Chapter 11 Trustee, Appellees.**

**BAP No. CC 96–1037–AlJH.**

**Bankruptcy No. ND 92–70898–RR.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted July 24, 1996.

Decided Aug. 30, 1996.

Before: ALLEY[1], JONES, and HAGAN, Bankruptcy Judges.

## OPINION

ALLEY, Bankruptcy Judge:

Monumental Life Insurance Co. ("Monumental") appeals from an order finding that it is stayed by Bankruptcy Code Section 362[2] from foreclosing its trust deed on real property in which the Debtor holds a junior lien. We affirm the trial court.

## I. FACTS

The land in question is a tract of four parcels in Colorado Springs, Colorado, owned by Park Hill of Colorado Springs, Ltd., a limited partnership ("Park Hill"). Debtor Bibo, Inc. is a general partner of Park Hill.

Monumental lent money to Park Hill. The loan, which was to be paid in full by January 1, 1988, is secured by a trust deed to the subject property executed in December, 1982, by Debtor on behalf of the Park Hill partnership. The trust deed was recorded on January 8, 1983. The promissory note was modified in June, 1988, increasing the amount of indebtedness from $750,000 to $970,000 and extending the maturity date to June 1, 1993. In January 1988, Debtor lent money to Park Hill, and obtained as security a trust deed to the property, which was recorded on January 28, 1993.

Monumental filed a Motion for Relief from the Automatic Stay seeking

> [A]n order determining the applicability, if at all, of the automatic stay as to certain real property on which the estate claims a subordinate lien interest, and if necessary, for relief from the automatic stay to allow MONUMENTAL to nonjudicially foreclose its deed of trust.

Monumental asserted below that the automatic stay does not apply to prevent it from exercising its right of foreclosure against Park Hill, since the debtor has only a subordinate lien interest in the Colorado property and not an ownership interest. The trustee responded that the estate's junior lien inter-

Brian D. Huben, Los Angeles, CA, for appellant Monumental Life Insurance Company.

Kevin L. Hing, Los Angeles, CA, for appellee Ronald L. Durkin.

1. Hon. Frank R. Alley, III, Bankruptcy Judge for the District of Oregon, sitting by designation.

2. Unless otherwise indicated, all references to "chapter" or "section" are to the United States Bankruptcy Code, 11 U.S.C. §§ 101–1330.

est is property of the estate and therefore protected by the automatic stay and that cause did not exist for lifting the stay. A hearing was held and an order was entered on December 21, 1995, denying Monumental's motion for relief from stay and ordering that the stay will continue to operate to stay Monumental's foreclosure of its first lien against the Colorado property. Monumental appeals.

## II. ISSUES PRESENTED

1) Does the automatic stay prevent the holder of a senior lien from exercising its right of foreclosure when the effect is to foreclose a debtor's junior lien in the same property held by a third party?

2) Did the bankruptcy court correctly deny Monumental's motion for relief from stay under 11 U.S.C. 362(d)?

## III. STANDARD OF REVIEW

 Whether property is property of the estate and whether the automatic stay is applicable to a particular situation are conclusions of law to be reviewed de novo. *Pizza of Hawaii, Inc. v. Shakey's, Inc. (In re Pizza of Hawaii, Inc.),* 761 F.2d 1374, 1377 (9th Cir.1985); *Matter of Yonikus,* 974 F.2d 901, 904 (7th Cir.1992); *Eddleman v. U.S. Dept. of Labor,* 923 F.2d 782, 790 (10th Cir. 1991). The bankruptcy court's decision on whether to lift the automatic stay is one committed to the discretion of the bankruptcy court and is therefore reviewed for abuse of discretion. *Mataya v. Kissinger (In re Kissinger),* 72 F.3d 107, 108 (9th Cir.1995).

## IV. DISCUSSION

*1. Debtor's Lien Is Property of the Estate*

 The issue of whether an interest claimed by the debtor is property of the estate is a question determined by federal bankruptcy law. *See State of California v. Farmers Markets, Inc. (In re Farmers Markets, Inc.),* 792 F.2d 1400, 1402 (9th Cir.1986); *In re Seay,* 97 B.R. 41 (Bankr.D.Colorado 1989); *Harsh Investment Corp. v. Bialac (In re Bialac),* 712 F.2d 426 (9th Cir.1983). In *Bialac* the Ninth Circuit Court of Appeals discussed the criteria for determining wheth-

er an interest is property of the estate under § 541. Holding that a debtor's right to redeem property was property of the estate, the court stated that 11 U.S.C. § 541 is intended to be broad and all inclusive. This holding is supported by the legislative history of the Code:

> [T]he estate is comprised of all legal or equitable interest [sic] of the debtor in property, wherever located, as of the commencement of the case. The scope of this paragraph is broad. It includes all kinds of property, including tangible or intangible property ... causes of action....

> [T]his paragraph will include choses in action and claims by the debtor against others....

Notes of Committee on the Judiciary, S.Rep. No. 95–989, 95th Cong., 1st Sess. (1978).

> . . . .

> [S]ection 541(a) is an all-embracing definition which includes charges on property, *such as liens held by the debtor on property of a third party,* or beneficial rights and interest, that the debtor may have in property of another.

124 Cong.Rec. H 11,096 (Sept. 28, 1978) (Statement of Rep. Edwards).

*Bialac,* 712 F.2d at 430, 431.

Exceptions to the broad language of § 541(a) are enumerated in subsections (b), (c)(2), and (d). The Ninth Circuit Court of Appeals has held that the express enumeration of exceptions indicates that other exceptions should not be implied. *Austein et al. v. Schwartz (In re Gerwer),* 898 F.2d 730, 732 (9th Cir.1990).

Monumental relies on *Farmers Bank v. March (In re March),* 140 B.R. 387 (E.D.Virginia 1992), *aff'd,* 988 F.2d 498 (4th Cir.1993), *cert. denied,* 510 U.S. 864, 114 S.Ct. 182, 126 L.Ed.2d 141 (1993). The District Court in *Farmers Bank* held that, while a debtor's junior liens in real property were "clearly" property of debtor's estate, the land itself was not included in the estate by virtue of

the lien.[3] Monumental advances the same argument here—the land in question is not property of the estate simply because the debtor has a lien against it, therefore, Section 362 does not stay Monumental from foreclosing its lien.

■ The argument misses a crucial point—the effect of the foreclosure proceeding is not only to foreclose Park Hill's interest in the property, but the debtor's lien as well. In other words, while Park Hill's fee interest and Debtor's lien may be separate and distinct interests, both would be eliminated by Monumental's foreclosure of its trust deed. Colo.Rev.Stat. § 38–38–501 (1995); *Ragsdale Bros. Roofing, Inc. v. United Bank of Denver, N.A.,* 744 P.2d 750, 752–753 (Colo.App.1987). Thus it is not necessary that the Debtor's interest be some species of "ownership" of the automatic stay to be affected by a foreclosure.

### 2. Debtor's Lien Is Protected by the Automatic Stay

■ Code Section 362(a)(3) stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." Monumental's proposed foreclosure of Debtor's junior lien would be an exercise of control over Debtor's property, in this case by converting it to a mere right of redemption, and eventually extinguishing it.

In *Bialac,* 712 F.2d 426, the debtor held a one-sixth interest in a promissory note. After the debtor filed for bankruptcy protection, the creditor foreclosed on the remaining five-sixths. The effect, as the court noted, was drastic:

> First, and primarily, James Bialac had a one-sixth undivided interest in the note. While the sale attempted to preserve this interest, it would be more consistent with the best interests of the debtor and all creditors if the division of property in which the debtor has a fractional interest is under the auspices of the trustee in bankruptcy. Second, the redemption right was entirely cut off. Where prior to the foreclosure James could have paid $450,000 for a lien against the entire note, he now must pay $300,000 to protect just his one-sixth interest in it.

*Bialac,* 712 F.2d at 432.

The Court of Appeals held that, even though the five-sixths foreclosed on was not property of the estate, the foreclosure violated the automatic stay.

The Court applied a three-part analysis. It first determined that the Debtor had a right to redeem the note under state law; second, it found that the right to redeem was property of the estate. The third step was a finding that the foreclosure was stayed, since it had the effect of "altering" the property in a manner contrary to the relevant provisions of the Code. *Bialac,* at 429–430. Although Bialac's interests were not within the literal protections afforded by an interpretation of the Code, the Court held that they should be protected by the stay if the purposes of the Code are to be achieved. *Id.*

In the case at bar Debtor's interest would be reduced from a lien securing a right to repayment to a right to redeem the subject property. Colo.Rev.Stat. 38–38–303 (1995). Instead of receiving payment from the owner, or from the proceeds of a sale or refinance, Debtor would have to pay the entire amount Park Hill owed to Monumental in order to receive anything on account of its lien. This is a sufficient impact on Debtor's interest to make foreclosure subject to the stay under the rule established in *Bialac.*

### 3. The trial court did not err in refusing to lift the stay

■ Whether to lift the automatic stay is committed to the discretion of the bankruptcy court and reviewed for abuse of discretion. An abuse of discretion occurs where "there is a definite and firm conviction that the court below committed clear error of judgment in the conclusion it reached upon a weighing of relevant factors." *Nealey v. Transportacion Maritima Mexicana, S.A.,*

---

**3.** The Court of Appeals for the 4th Circuit held that the issue was rendered moot by the foreclosure, and thus did not reach the merits regarding applicability of the automatic stay.

662 F.2d 1275, 1278 (9th Cir.1980) (internal citation omitted).

The case below was limited to the issue of whether the stay was applicable in the first place. The motion for relief asked simply for a declaration of whether the stay was applicable, and, "if necessary", relief from the stay. At the hearing discussion was limited to this issue. No evidence was presented to the effect that there are grounds to lift the stay under Section 362(d) other than the fact that Monumental's note had matured, and the subsequent lack of payment. Without more, the Court had no basis for acting with respect to the stay, other than to recognize its existence. The Court did not abuse its discretion.

The matter was presented to the trial court simply as a request for a determination of whether the stay was in effect.[4] We hold that it is. We make no determination as to whether there exist grounds for termination or modification of the stay.

## V. CONCLUSION

Debtor's junior lien interest in the real property is property of the estate. This interest is protected by the automatic stay from foreclosure by a senior lienholder until such time as relief from the stay is granted, or the stay is no longer in effect. The order denying Monumental's motion is AFFIRMED.

---

**4.** The court underscored this point at the conclusion of the hearing on the motion for relief by stating to the appellant's attorney: "should you like to file a motion based on lack of adequate protection, I'm certainly happy to entertain that." Monumental may, as an interested party, seek relief from the stay whether or not it is a creditor of Bibo's. 11 U.S.C. § 362(d).