In re Rocky Dwayne SHEFFIELD,
Debtor.

Rocky Dwayne Sheffield, Plaintiff,

v.

HomeSide Lending, Inc., Defendant.

Bankruptcy No. 97–10511–MAM.
Adversary No. 99–1124.

United States Bankruptcy Court,
S.D. Alabama.

June 5, 2001.

Steve Olen and Steven L. Nicholas, Donald J. Stewart, Mobile, AL, for Plaintiffs.

Jeffery J. Hartley, Mobile, AL, Thomas M. Hefferon, Washington, DC, for Defendants.

### ORDER DEFINING CLASS TO BE CERTIFIED IN CASE

MARGARET A. MAHONEY, Chief Judge.

This matter is before the Court on the issue of the class to be certified in this case. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court has the authority to enter a final order.

After reviewing the submissions of the parties, the Court concludes that a broad definition is appropriate. Until the actual trial of the class action case on the merits, it is inappropriate to narrowly define who is a member of the class. Less harm results from a broad definition, particularly in light of the fact the class was constituted under Rule 23(b)(2) and no notice to class members will be given at this time. The trial will determine who actually will be entitled to injunctive relief or damages. Since sufficiency of disclosure is

at issue, the Court will not declare now that the date for the inclusion in the class is later than January 1, 1994. The subclass of debtors whose files were referred from or directed by LOGS Financial Services is also appropriate. There is sufficient evidence in the record to allow certification.

The Manual for Complex Litigation (3d), published by the Federal Judicial Center for judges states:

> It is ... necessary to arrive at a definition that is precise, objective, and presently ascertainable.... [G]reater precision is required in (b)(3) actions than in those brought under ... (b)(2). Definitions ... should avoid criteria that are subjective.... The judge should consider whether the definition will serve the purpose for which the class is certified (i.e., the resolution of common questions of fact and law in a single proceeding). The definition should not, therefore, exclude a substantial number of persons which claims similar to those of persons included in the class.

Manual for Complex Litigation (3d) (Fed. Judicial Center, ed., 1995) at 30.14. The definition chosen will accomplish the goals stated above.

IT IS THEREFORE ORDERED that the class in this case shall be defined as follows:

Subclass 1. All bankruptcy debtors who have filed a Chapter 13 petition on or after January 1, 1994(1) who had proofs of claim filed in their cases by Defendant HomeSide which (a) did not disclose postpetition/preconfirmation fees at all, (b) did not disclose them with sufficient specificity, or (c) did not include these fees in the arrearage claims; (2) who had these fees collected or posted to their accounts in some way by Defendant HomeSide after filing bankruptcy; and (3) in whose cases Defendant HomeSide did not file a specific application for these fees which was approved by the United States Bankruptcy Court.

Subclass 2. All bankruptcy debtors who have filed a Chapter 13 petition on or after January 1, 1994(1) who had proofs of claim filed in their cases by Defendant HomeSide; (2) who had these fees collected or posted to their accounts in some way by Defendant HomeSide after filing bankruptcy; and (3) where the bankruptcy work was referred from, and/or directed in whole or in part by, LOGS Financial Services, Inc., and LOGS was paid a fee by the attorney to whom the bankruptcy work was referred.