In re Claude Joseph NOLETTO, Jr. Terry Lynn Noletto, Debtors.

Claude Joseph Noletto, Jr. Terry Lynn Noletto Plaintiffs,

v.

NationsBanc Mortgage Corporation, Defendant.

Bankruptcy No. 98–13813–MAM–13. Adversary No. 99–1120.

United States Bankruptcy Court, S.D. Alabama.

Aug. 22, 2001.

---

Steve Olen and Steven L. Nicholas, Donald J. Stewart, Mobile, AL, for Plaintiffs.

John Culver, Charlotte NC, Jeffery J. Hartley, Mobile, AL, for Defendants.

## ORDER GRANTING THE MOTION OF JACQUELINE E. MATHIS TO INTERVENE

MARGARET A. MAHONEY, Chief Judge.

This case is before the Court on the motion of Jacqueline E. Mathis to intervene as a named plaintiff. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court has the authority to enter a final order. For the reasons indicated below, the Court is granting the motion of Jacqueline E. Mathis to intervene.

### FACTS

This adversary proceeding was originally brought by the Nolettos as a nationwide class action. The Nolettos were debtors in a Chapter 13 bankruptcy proceeding, but converted their case to a Chapter 7 case during the pendency of this adversary proceeding. On December 19, 2000 this Court granted summary judgment in favor of NationsBanc as to the Nolettos' individual claims. This Court granted the motion of John H. Fair to intervene on May 14, 2001. On June 25, 2001, Jacqueline E. Mathis filed this motion to intervene as another named plaintiff. On July 25, 2001, this Court denied NationsBanc's motion for summary judgment as to Fair and this Court certified a class. The parties have been directed to submit proposed class definitions no later than August 20, 2001. Mathis' motion was argued on August 7, 2001.

Mathis filed her chapter 13 case on August 24, 1999. Mathis is a resident of Walker County, Alabama and is a debtor in Case No. 99–72069 filed in the United States Bankruptcy Court for the Northern District of Alabama, Western Division. Bank of America filed a proof of claim in Mathis' case on October 8, 1999. Bank of America is successor in interest to NationsBanc Mortgage Corporation. The proof of claim filed by Bank of America included in the amount claimed a bankruptcy fee and/or attorneys fee which Mathis asserts was not approved by this or any other bankruptcy court.

### LAW

■ The movant has sought to intervene as a class representative in this case and she bears the burden of proving that the intervention should be allowed pursuant to Fed. R. Bankr.P. 7024(b). *Richman v. First Woman's Bank (In re Richman)*, 104 F.3d 654, 658 (4th Cir.1997). Mathis asserts that she is a member of the class which has been certified in this action and should be allowed to intervene. Defendant asserts that the motion of Mathis to intervene should be denied because: (1) it is not timely, (2) her claim will substantially change the nature of this case, (3) Mathis will not be prejudiced if she is not permitted to intervene, and (4) venue for the Mathis claim is not proper in this court. The Court will discuss each issue in turn.

## A. Timeliness

When leave is sought under Rule 24 to intervene, the motion must be " timely." *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir.1977) ( citations omitted). "Timeliness is not a concept which is precisely measurable, as neither the Bankruptcy Rules nor the Rules of Civil Procedure, contain a specific time limit for filing a motion to intervene. Timeliness is to be determined from all the surrounding facts and circumstances." *In re Sun Laboratories, Inc. of Atlanta, Inc.*, 171 B.R. 696, 697 (Bankr.N.D.Ga.1994) (citing *Stallworth*, 558 F.2d 257). In assessing timeliness, there are four factors which the Court must consider:

(1) the period of time during which the putative intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene;

(2) the degree of prejudice to the existing parties as a result of the would-be intervenor's failure to move to intervene as soon as he knew or reasonably should have known of his interest;

(3) the extent of prejudice to the would-be intervenor if his position is denied; and

(4) the presence of unusual circumstances militating either for or against a determination that the application is timely.

*Walker v. Jim Dandy Co.*, 747 F.2d 1360, 1365 (11th Cir.1984) (citing *Stallworth*, 558 F.2d at 264–66). This analysis applies to both intervention of right and permissive intervention. *Id.* at 1366.

### 1.

The first factor to consider is the length of time it took Mathis to file a motion to intervene. NationsBanc asserts that Mathis' motion is untimely because this case has been pending for over two years. The question is when Mathis "knew or should have known" of her interest in the case. At the hearing on this matter, NationsBanc asserted that the attorney representing Mathis in her bankruptcy case had been involved in similar litigation in the Northern District of Alabama and knew of Mathis' interest in this case long before Mathis attempted to intervene. Plaintiff's counsel asserted that Ms. Mathis did not become personally aware of her interest in this case until recently. Because class certification has just occurred and no notice to the class has been given ( and is not necessary for a 7023(b)(2) class), it is likely that Ms. Mathis herself would not have known about a class action case in Mobile.

### 2.

The second factor to consider is the degree of prejudice to NationsBanc and other plaintiffs that would result from Mathis' failure to move to intervene as soon as she knew or reasonably should have known of his interest. Substantial discovery has been completed. Mr. Fairs' motion for class certification has already been granted, and the Court has directed the parties to file proposed class definitions no later than August 20, 2001. NationsBanc claims it is entitled to review Mathis' claim and determine whether to file a motion for summary judgment of her claim. This will delay the proceeding. It also asserts that if Mathis is allowed to intervene a precedent will be set resulting in subsequent intervenors also being permitted to intervene and delay this case further.

The Court disagrees with NationsBanc. First of all, this factor does not apply because the Court is finding that Mathis intervened promptly after knowledge. Even if her intervention was late, a trial date on the merits of the case has not yet

been set. NationsBanc will have ample time to prepare a defense. Ms. Mathis' failure to intervene earlier will cause no other prejudice. The issue of other intervenors will be dealt with if and when other intervenors are proffered.

In addition, NationsBanc asserts that Mathis' claim will substantially change the nature of this case because this case is concerned primarily with the practices of NationsBanc's Louisville servicing center, and that center's decision to hire the Barrett Burke law firm to prepare and file proofs of claim. The proof of claim in the Mathis case was not prepared by the Barrett Burke firm, but by James G. Whiddon, III, an attorney who is a member of the Alabama State Bar who practices in Atlanta, Georgia. Plaintiff argues that the Mathis proof of claim followed the policies and procedures of NationsBanc's Buffalo servicing center. The parties have included the Buffalo practices and procedures in their pleadings and have already conducted discovery concerning Buffalo. The allegations contained in the complaint of Mathis are not new. As the Court has done in the other cases certified to date, the Court intended before and still intends to certify a class which would include all claimants in whose cases a proof of claim was filed which did not disclose or did not sufficiently disclose postpetition/preconfirmation fees. See Order defining class to be certified in case, *Sheffield v. Homeside Lending, Inc.*, 280 B.R. 900 (Bankr. S.D.Ala.2001); Order defining class to be certified in case, *Slick v. Norwest Mortgage, Inc.*, 280 B.R. 722 (Bankr.S.D.2001).

Based on the evidence in the record to date, this case is not limited to claims of the Barrett Burke firm. The Barrett Burke firm and its practices and procedures have been more fully discussed because of the Court's orders involving the Nolettos and John Fair who were involved with the Louisville service center.

3.

The third factor is the extent of prejudice to Mathis if her intervention is denied. NationsBanc asserts that Mathis will not suffer any prejudice if she is not permitted to intervene. If she is a member of the class to be represented by Mr. Fair, then she will obtain relief. If she is not a member of the class, she can file her own action and seek relief. First, intervention would ensure that Buffalo plaintiffs are fully represented. Second, plaintiff's counsel was candid about the fact that they want Ms. Mathis to appear as a class representative because they are aware NationsBanc intends to vigorously contest Mr. Fair's representative status and plaintiffs' counsel believes Ms. Mathis is a class representative who is less controversial and more likely to weather an attack. The court concludes these two factors are legitimate reasons for her intervention.

4.

█ The last factor to consider is the presence of unusual circumstances militating either for or against a determination that the application is timely. The Court finds few unusual circumstances tipping the scales either way in this case. Perhaps the most unusual factor is the legal one discussed below—the fact that the intervenor is not from this district. However, that fact does not, in the end, cause any problem.

B. Venue

Venue is controlled by 28 U.S.C. § 1409. Section 1409 provides:

(a) Except as otherwise provided in subsections (b) and (d), a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in

the district court in which such case is pending.

(b) Except as provided in subsection (d) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case to recover a money judgment of or property worth less than $1, 000 or a consumer debt of less than $5,000 only in the district court for the district in which the defendant resides.

(c) Except as provided in subsection (b) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case as statutory successor to the debtor or creditors under section 541 or 544(b) of title 11 in the district court for the district where the State or Federal court sits in which, under applicable nonbankruptcy venue provisions, the debtor or creditors, as the case may be, may have commenced an action on which such proceeding is based if the case under title 11 had not been commenced.

(d) A trustee may commence a proceeding arising under title 11 or arising in or related to a case under title 11 based on a claim arising after the commencement of such case from the operation of the business of the debtor only in the district court for the district where a State or Federal court sits in which, under applicable nonbankruptcy venue provisions, an action on such claim may have been brought.

(e) A proceeding arising under title 11 or arising in or related to a case under title 11, based on a claim arising after the commencement of such case from the operation of the business of the debtor, may be commenced against the representative of the estate in such case in the district court for the district where the State or Federal court sits in which the party commencing such proceeding may, under applicable nonbankruptcy venue provisions, have brought an action on such claim, or in

the district court in which such case is pending.

■ The use of the term "may" in section 1409(a) indicates that "the section is permissive rather than mandatory and, thus, reflects a legislative purpose to promote flexibility in determining proper bankruptcy venue." *Farmers Bank v. March (In re March)*, 140 B.R. 387, 388 n. 3 (E.D.Va.1992), aff'd, 988 F.2d 498 (4th Cir.1993), cert. denied, 510 U.S. 864, 114 S.Ct. 182, 126 L.Ed.2d 141 (1993). "[P]arties have the option of commencing an action in the district court of the bankruptcy district, but are not required to commence the action there." *Calumet National Bank v. Levine*, 179 B.R. 117, 121 (N.D.Ind.1995) (citations omitted). "Under a plain reading and the prevailing interpretation of section 1409(a), then, Plaintiffs had the option of commencing in a court other than the district court of the bankruptcy district." *Id.* at 122. According to Professors Wright and Miller, where venue is proper for the original claim or claims between plaintiff and defendant and other claims are brought in subsequently under the liberal joinder devices the Civil Rules provide for counterclaims, cross-claims, impleader, interpleader, and intervention, and the additional claims are asserted against parties to the original suit, no venue objection should be available. 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3808 (2d ed.1986). Since the main action in this case satisfied the venue statutes, there is no need for this intervenor to satisfy the venue statute. *Id.* The parties are already present and litigating in the court and are not inconvenienced by being required to litigate with an additional class representative. *Id.* "The action has already been brought in that court." *Id.*

NationsBanc asserts that the analysis above does not apply because venue has never been determined in this class action. In the order denying defendant's jurisdictional motion to dismiss, this Court reserved ruling on the appropriate venue for each debtor. This Court stated:

[T]he defendants assert that if that is true, the appropriate venue for each debtor is where the debtor's case is filed. This argument is premature. Class certification issues include "the interest of members of the class in individually controlling the prosecution ... of separate actions ... [and] the desirability or undesirability of concentrating the litigation of the claims in the particular forum." Fed. R. Bank. P. 7023(b)( 3). This issue should be taken up in conjunction with class certification.

*Noletto v. Nationsbanc Mortgage*, 244 B.R. 845, 854–55 (Bankr.S.D.Ala.2000). The Court did not directly rule on the venue question in its order, dated July 25, 2001, certifying a class. No party raised any specific issues about it. However, in light of this argument, the Court will directly address it now.

 The court has explained in the Sheffield and Powe cases and in a previous order in this case that a ruling in the plaintiff's favor will not affect the class members' bankruptcy estates. *In re Sheffield*, 281 B.R. 24 (Bankr.S.D.Ala.2000); *Powe v. Chrysler Financial Corp. (In re Powe)*, Case No. 98–10935, Adv. No. 99–1121 (Bankr.S.D.Ala. order dated June 1, 2000); *Noletto v. Nationsbanc Mortgage Corp. (In re Noletto)*, 281 B.R. 36 (Bankr. S.D.Ala.2000). If any attorneys fees are not disclosed at all or are not disclosed with appropriate specificity in a debtor's case, the remedy will be an injunction or-

dering NationsBanc to expunge the fee from all of the debtors' accounts, and if the fee, or part of it, has been paid, refunding the fee directly to the debtor. No bankruptcy court orders will be affected. The chapter 13 trustee will not be affected. The Court concludes that NationsBanc's venue issue as raised in its initial pleadings is not an issue. As with the other cases, the class certified will be a nationwide class.

THEREFORE IT IS ORDERED that the plaintiff's motion to intervene is GRANTED.